*U.S. District Court*

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 MAR 13 AM 8:43

Court of Appeals of Colorado
Case No. _25 - CV-0914D-NYW_

Plaintiff/Appellant,:Michelle D. Lee

v.

*Brette Frappiel; Wesserman 47 Et al*

Defendant/Appellee.

## MOTION TO ABATE APPEAL AND REMAND TO THE DISTRICT COURT (For Entry of Appearance by Minor Trust Beneficiary; Request for stay Notice of Bankruptcy Dismissal)

Appellee Michelle D. Lee respectfully moves this Court pursuant to C.A.R. 1 (and, if necessary, C.A.R. 21) to abate this appeal and remand the matter to the District Court for further equitable proceedings. In support, Movant states as follows:

## INTRODUCTION AND RELIEF REQUESTED

1. Movant requests that this Court abate appellate proceedings and remand the case to the District Court so that the District Court may:

2. a. Allow the recently appearing trust beneficiary to participate and to move to intervene or otherwise be heard;
   c. Conduct any necessary equitable fact-finding regarding the trust, title, standing, and any relief affecting the minor's interest.

3. Movant further requests that the Court stay enforcement of the Bankruptcy judgment (including any sheriff's sale or conveyance) pending disposition of this Motion and any proceedings on remand, or remand with instructions that the District Court enter a temporary injunction preserving the status quo.

4. Movant notifies the Court that any related bankruptcy proceeding previously filed by or affecting a party to this action has been dismissed on 02/24/2026. A copy of the bankruptcy dismissal order is attached as Exhibit 5. The dismissal of the bankruptcy case eliminates any bankruptcy-related stay or exclusive jurisdiction argument that might otherwise prevent district-court proceedings. Remand is therefore timely and appropriate.

## PROCEDURAL BACKGROUND

4. On [date], the District Court entered a final judgment/order titled [brief title of order]. A Notice of Appeal was filed on initiating this appeal . The District Court record at the time of appeal did not include the Beneficiary's appearance.

Beneficiary filed an entry of appearance and/or motion to intervene in the The Beneficiary is a minor pursuant to rule CFR 363.6 and holds a material interest in the trust property at issue. The minor's appearance after the notice of appeal was filed necessitates remand so the District Court can protect the minor's rights.

5. The bankruptcy case styled  which had been relevant to these proceedings, was dismissed by the bankruptcy court. A copy of the dismissal order is attached as Exhibit 5.

GROUNDS FOR ABATEMENT AND REMAND 7. Appellate courts should not resolve matters that require additional factual development or participation by necessary parties; remand to the trial court for such proceedings is proper. C.A.R. 1 authorizes the Court to manage its docket and to secure a just, speedy, and inexpensive resolution of appeals, including remanding cases when further factfinding is required.

8. The Beneficiary is a necessary and indispensable party for resolution of equitable and trust-based claims: the minor holds a vested interest in trust property and cannot adequately protect that interest without court-appointed representation. Colorado law and equitable practice require the beneficiary to represent a minor's interests in trust litigation before adjudicating rights that affect the minor.

9. The bankruptcy dismissal removes any argument that the bankruptcy court has exclusive jurisdiction or that an automatic stay prevents the District Court from acting. With the bankruptcy case dismissed, remand is not barred by bankruptcy jurisdiction and the District Court may proceed to address trust and equitable issues involving the minor Beneficiary.

APPLICABLE LAW AND POLICY 10. C.A.R. 1  empowers this Court to remand matters to the District Court for necessary factfinding and to control its docket in the interest of justice. Where the appellate record is incomplete or new parties appear, remand is the appropriate remedy because appellate courts do not receive new evidence or make credibility determinations.

11. Due process principles require adequate representation for minors whose rights are subject to adjudication. The District Court must ensure the minor Beneficiary's right to notice and to a meaningful opportunity to be heard.

REQUEST FOR STAY 12.  District Court judgment is imminent  a sheriff's sale and transfer is scheduled), Movant requests an immediate stay of enforcement pending this Court's disposition of the Motion and any remand proceedings. If the Court prefers, Movant requests remand with instructions that the District Court enter a temporary injunction to preserve the status quo.

PRAYER FOR RELIEF WHEREFORE, Movant respectfully requests that the Court: A. Abate this appeal and remand the matter to the District Court for further proceedings consistent with this Motion;

B. Direct the District Court to permit the Beneficiary to participate represent the minor's interests.

C. Stay enforcement of the District Court judgment pending disposition of this Motion and any proceedings on remand, or remand with instructions directing the District Court to enter temporary injunctive relief to preserve the status quo;

D. Take judicial notice of and consider the attached bankruptcy dismissal order

(Exhibit 5) and related docket entries; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this _13_ day of _March_, 20._26_

CERTIFICATE OF SERVICE I certify that on this _11_ day of _March_, 20_26_, a true and correct copy of the foregoing Motion was served on all counsel of record and self-represented parties via the U. S. Mail

BARRETT FRAPPIER &
WEISSERMAN, LLPRachael
Swernofsky, Atty Reg No. 56919 1391
N. SPEER BLVD, SUITE 700
DENVER, CO 80204

# Affidavit of Familiarity with Birth Certificate

I, Michelle Deon Lee, being duly sworn, depose and say:

1. I am over the age of 18 years and competent to make this affidavit.
2. My residential address is 16480 Fairway Dr., Commerce City, CO 80022.
3. I am the person named in the birth certificate for Michelle Deon Lee, born on November 30, 1970.
4. I have reviewed the original  birth certificate for Michelle Deon Lee dated November 30, 1970, and I recognize the document as the authentic birth record for me.
5. To the best of my knowledge, the information on the birth certificate, including my name and date of birth November 30, 1970, is true and correct.
6. I make this affidavit for the purpose of confirming my identity and the authenticity of the said birth certificate and for any other lawful purpose it may serve.

Subscribed and sworn to before me this ___ day of _____, 20__

Signature: _____

MichelleDeon. Lee

Printed name: Michelle Deon . Lee

Address: 16480 Fairway Dr.

City/State/ZIP: Commerce City, CO 80022

Notary Public

State of _____

County of _____

Notary printed name: _____

My commission expires: _____

(Seal)

KARINA GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224046603
MY COMMISSION EXPIRES DECEMBER 12, 2026

State of Colorado County of Adams

I, MICHELLE DEON LEE, being first duly sworn, declare under penalty of perjury as follows:

1. I am an individual of lawful age and competent to make this affidavit. My full legal name is MICHELLE DEON LEE and I reside at 16480 Fairway dr.Commerce City Co 80022.

2. I make this affidavit in a special appearance only for the limited purpose of asserting my status and rights related to the Named Trust in this matter and to give formal notice to the court and all parties of the positions and requests stated herein.

3. I hereby appear in special appearance and assert that I am the beneficial equitable title holder with respect to the Named Trust referenced in the related proceedings MICHELLE DEON LEE (the "Trust").

4. I further give Notice to this Court and to all parties that I file this instrument as my Bill of Complaint in Equity, and that I appear solely in the capacity of a person who is at the age of majority.

5. I demand that the Court recognize and record my status as beneficial equitable title holder for purposes of the Trust accounting, settlement of trust affairs, and any equitable relief appropriate under applicable law.

6. I direct the Trustee and the Court to fulfill all fiduciary obligations to settle and render a full accounting of the Trust's assets, liabilities, receipts, disbursements and any related transactions, as required by law and equity, and as demanded in my Bill of Complaint in Equity.

7. I assert my rights of subrogation, insofar as they may apply, and reserve all rights, remedies, claims and defenses available to me at law or in equity.

8. I request that the Clerk of Court enter this affidavit into the record and that the Court take such notices and orders as may be necessary to protect and enforce the equitable interests asserted herein.

9. I make this affidavit to provide formal notice and to preserve my claims and rights and not for any improper purpose.

Executed on this _4_ day of ___March___, 20 at [city], [state]. _04_ _Colorado_

Signature: _Michelle Lee_

Michelle D, Lee

Printed Name: MICHELLE DEON LEE

Sworn to and subscribed before me this _9th_ day of ___March___, 20._26_

Notary Public: _Karina Garcia_

My commission expires: _December 12th, 2026_

KARINA GARCIA
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20224046603
MY COMMISSION EXPIRES DECEMBER 12, 2026

11

CERTIFICATION OF VITAL RECORD

# City of Houston, Texas

STATE OF TEXAS                                  CERTIFICATE OF BIRTH             BIRTH NO.

| PLACE OF BIRTH | | USUAL RESIDENCE OF MOTHER | |
| COUNTY **Harris** | | STATE **Texas** | COUNTY **Harris** |
| CITY OR TOWN **Houston** | | CITY OR TOWN **Houston** | |
| NAME OF HOSPITAL OR INSTITUTION **Jefferson Davis Hospital** | | STREET ADDRESS **719 East 5 1/2** | |
| IS PLACE OF BIRTH INSIDE CITY LIMITS YES ☒ NO ☐ | | IS RESIDENCE INSIDE CITY LIMITS YES ☒ NO ☐ | IS RESIDENCE ON A FARM YES ☐ NO ☒ |

**CHILD**

| NAME First **Michelle** | Middle **Dena** | Last **Lee** | DATE OF BIRTH **11-30-70** |
| SEX **Female** | THIS BIRTH SINGLE ☒ TWIN ☐ TRIPLET ☐ | | IF TWIN OR TRIPLET, WAS CHILD BORN 1st ☐ 2nd ☐ 3rd ☐ |

**FATHER**

| NAME First | Middle | Last | COLOR OR RACE |
| AGE YEARS | BIRTHPLACE | USUAL OCCUPATION | KIND OF BUSINESS OR INDUSTRY |

**MOTHER**

| MAIDEN NAME First **Ida** | Middle **Marie** | Last **Lee** | COLOR OR RACE **Negro** |
| AGE **19** YEARS | BIRTHPLACE **Texas** | CHILDREN PREVIOUSLY BORN TO THIS MOTHER — How many OTHER children are now living? **0** | How many OTHER children were born alive but are now dead? **0** | How many children were born dead? **0** |

INFORMANT *Ida Marie Lee*

ATTENDANT'S SIGNATURE

ATTENDANT'S ADDRESS **Houston, Texas**  *Jefferson Davis Hospital*

| ATTENDANT AT BIRTH M.D. ☒ D.O. ☐ MIDWIFE ☐ OTHER ☐ | DATE SIGNED **11-30-70** |

REGISTRAR'S FILE NO. **30482**    DATE REC'D BY LOCAL REGISTRAR **DEC. 9, 1970**

---

**4026135**

CERTIFIED COPY OF VITAL RECORDS

STATE OF TEXAS
COUNTY OF HARRIS } ss

DATE ISSUED    AUG 0 7 2001

*R. W. Hanks*
R. W. Hanks, Registrar
BUREAU OF VITAL STATISTICS

This is a true and exact reproduction of the document officially registered and placed on file in the BUREAU OF VITAL STATISTICS, HOUSTON HEALTH AND HUMAN SERVICES DEPARTMENT.

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.
LAMINATION MAY VOID CERTIFICATE.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

Keep this stub with your personal records. The other side contains important information.

Please note: The date we issued this card is shown below the signature line.

MICHELLE DEON LEE
16480 FAIRWAY DRIVE
COMMERCE CITY CO 80022-5202



YOUR SOCIAL SECURITY CARD

ADULTS: Sign this card in ink immediately.
CHILDREN: Do not sign until age 18 or your first job, whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
DO NOT CARRY THIS CARD WITH YOU.
Do not laminate.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

In re:

MICHELLE DEON LEE,

Debtor(s).

Bankruptcy Case No. 24-16918 KHT

Chapter 7

---

## ORDER GRANTING MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Debtor's Motion to Dismiss Case (Docket #362, the "Motion") filed by the Debtor on January 22, 2026. The Court, being otherwise advised in the premises, and noting the absence of any objection thereto hereby

ORDERS that the Motion is GRANTED and this case is DISMISSED.  The Court

FURTHER ORDERS that the Clerk of the Court shall give notice of the dismissal of this case pursuant to and in accordance with Fed. R. Bankr. P. 2002(f) to all creditors and parties in interest using such addresses as are available in the record.

DATED this 24th day of February, 2026.

BY THE COURT:

_Kimberley H Ty_ ___

Kimberley H. Tyson
United States Bankruptcy Judge